IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| JEANETTE GARAVITO DALLEN as the Personal Representative of the Estate of: DALLEN, RUSSELL M, JR. on behalf of the Estate and Survivors,<br><br>   Plaintiff,<br><br>  v.<br><br>MONSANTO COMPANY,<br><br>   Defendant. | Case No. _____ |

## **DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto"), hereby gives notice of removal of this action, captioned *Jeanette Garavito Dallen as the Personal Representative of the Estate of: Dallen, Russell M, JR. on behalf of the Estate and Survivors v. Monsanto Company,* bearing Case Number CACE-22-004029, from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

### **Introduction**

1. In this products liability lawsuit, Plaintiff seeks damages for decedent Russell M. Dallen, Jr.'s cancer (non-Hodgkin's lymphoma ("NHL")) and death allegedly caused by exposure to Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for

highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-branded, glyphosate-based herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has approved the sale of such herbicides without cancer warnings and repeatedly has concluded that glyphosate does not cause cancer – including as recently as 2020. Nevertheless, Plaintiff alleges that decedent developed cancer and died due to his exposure to Monsanto's glyphosate-based herbicides.

2. This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md- 02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3. As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Plaintiff is a citizen of Florida, as was decedent before and at the time of his death. For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation). Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks damages for cancer and death allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

## Background and Procedural History

4.      On March 18, 2022, Plaintiff commenced this lawsuit in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida by filing a complaint, captioned *Jeanette Garavito Dallen as the Personal Representative of the Estate of: Dallen, Russell M, JR. on behalf of the Estate and Survivors v. Monsanto Company*, No. CACE-22-004029 (the "State Court Action").

5.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served upon Monsanto in the State Court Action (and other filings available from the state court's files) are attached collectively as **Exhibit 1.**

6.      Plaintiff seeks damages for NHL and death allegedly caused by exposure to Monsanto's glyphosate-based herbicides. *See, e.g.*, Complaint ¶¶ 16, 133, 154, 176, 198, 200–202.

## Basis For Removal — Diversity Jurisdiction

7.      Plaintiff is, and was at the time the State Court Action was filed, a resident and citizen of the State of Florida. *See* Complaint ¶ 11; *see also* Exh. A to Complaint (Death Certificate identifying Plaintiff's address).

8.      Prior to and at the time of his death, decedent was a resident and citizen of the State of Florida. *See* Complaint ¶ 14; *see also* Exh. A to Complaint (Death Certificate identifying Decedent's address).

9.      Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. *See* Complaint ¶ 17. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of federal diversity jurisdiction.

10. The Complaint seeks compensatory damages based on allegations that Monsanto's Roundup®-branded herbicides caused decedent's cancer and death. Therefore, it is plausible from the face of the Complaint that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Further, the Civil Cover Sheet filed by Plaintiff confirms that she seeks "over $100,000" in damages. *See* Civil Cover Sheet, p. 1. In fact, numerous other lawsuits seeking damages for cancer allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under §1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

11. In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

## **Procedural Requirements**

12. The Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida is located within the Southern District of Florida. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

13. Monsanto received notice of process on March 23, 2022. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of March 23, 2022.

14. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida and will be promptly served on Plaintiff.

15. Monsanto does not waive any defenses and expressly reserves its right to raise any and all defenses in subsequent proceedings.

16. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## Conclusion

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Dated: April 12, 2022                                   Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

/s/ Anthony N. Upshaw
ANTHONY N. UPSHAW
Florida Bar No.: 861091
aupshaw@mwe.com
MELISSA R. ALVAREZ
Florida Bar No.: 820091
malvarez@mwe.com
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131
Tel: (305) 329-4431
Fax: (305) 675-8031
*Counsel for Defendant Monsanto Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **12th day of April, 2022,** a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system.

/s/ Anthony N. Upshaw